## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

| | | |
|---|---|---|
| KENNETH HOOTS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Deputy | * | No. 3:17cv00246-JJV |
| Commissioner for Operations, performing | * | |
| the duties and functions not reserved to | * | |
| the Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Kenneth Hoots, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Mr. Hoots was forty-seven years old at the time of the administrative hearing. (Tr. 73.) Plaintiff testified he completed high school but was assigned to resource classes. (Tr. 76.) He has past relevant work as a warehouse worker. (Tr. 29.)

The Administrative Law Judge[1] (ALJ) found Mr. Hoots had not engaged in substantial gainful activity since June 17, 2014 - the alleged onset date. (Tr. 23.) He has "severe" impairments in the form of "congestive heart failure, degenerative disc disease, depression, anxiety, and bipolar disorder." (*Id.*) Although he has "severe" impairments, the ALJ found Mr. Hoots did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 24-25.)

The ALJ determined Mr. Hoots has the residual functional capacity to perform a reduced range of sedentary work given his physical and mental impairments. (Tr. 25.) Given this residual functional capacity assessment, the ALJ concluded Mr. Hoots is unable to perform his past relevant work. (Tr. 29.) So the ALJ utilized the services of a vocational expert to determine

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

2

if jobs existed that Plaintiff could perform despite his impairments. Based on the testimony of the vocational expert (Tr. 95-99), the ALJ determined Mr. Hoots could perform the jobs of weight tester and nut sorter. (Tr. 30.) Accordingly, the ALJ determined Mr. Hoots was not disabled. (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

Plaintiff generally argues the ALJ incorrectly determined he could perform sedentary work. (Doc. No. 13.) While Plaintiff unquestionably suffers from some level of pain and limitation, the evidence fails to support an allegation of complete disability. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). After reviewing the record in this case, I am unable to find reversible error here.

Tim Y. Maryanov, M.D., reviewed Plaintiff's diagnostic tests and concluded, "None of these changes are associated with significant neural element compromise." (Tr. 384.) He noted Plaintiff was not a good surgical candidate. (Tr. 384.) Medical records show normal gait and normal movement of all extremities. (Tr. 353.) I recognize Mr. Hoots suffers from a combination of impairments. However, the ALJ fairly considered all of these impairments in rendering his decision. (Tr. 26-29.)

Plaintiff has advanced other arguments that I have carefully considered and find are without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is DISMISSED with prejudice.

DATED this 29th day of June, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE